## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GRACE L. SHOWALTER | : | CIVIL ACTION |
| | : | NO. |
| | : | |
| v. | : | |
| | : | |
| CARAVAN HEALTH, INC. | : | Jury Trial Demanded |

## **COMPLAINT**

1. Plaintiff, Grace L. Showalter, is a female residing in the Commonwealth of Pennsylvania at 39 Erin Drive, Danville, PA 17821.

2. Defendant, Caravan Health, Inc., was Plaintiff's employer and is a corporation with a principal place of business located at 7509 NW Tiffany Springs Parkway, Suite 310, in Kansas City, Missouri 6153. Plaintiff has always worked for Defendant remotely out of her home location.

3. The causes of action set forth in this Complaint arise under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000(e) *et seq.*, the American with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §12101 *et seq.*, the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §2601 *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 *et seq.*

4. The District Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1367.

5. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen and/or employees acting in the course and scope of their employment with Defendant and in furtherance of Defendant's business.

6. Defendant hired Ms. Showalter in April of 2019 in the position of Clinical Programs Content Manager.

7. In May of 2020, Ms. Showalter was promoted to the position of Clinical Programs Content Senior Manager, and supervised two female employees.

8. In August of 2020, Defendant hired Ashok Roy in the position of Chief Medical Officer, and Ms. Showalter began reporting to Mr. Roy.

9. Mr. Roy subjected Ms. Showalter to a hostile environment because of her gender, this hostile environment being evidenced by, among other things: a) Roy's impeding Ms. Showalter's career progression; b) Roy's engaging in disrespectful and bullying behavior toward Ms Showalter and her female reports; c) Roy's making false statements to others about Ms. Showalter's work; d) Roy's refusing to provide contractor support for Ms. Showalter and her team to succeed; e) Roy's refusing to respond to Ms. Showalter's questions and imposition of impossible deadlines on Ms. Showalter; f) Roy's misrepresenting what others have said about

Ms. Showalter in call-in meetings; g) Roy's refusing to discuss Ms. Showalter's compensation or career progression; and, h) Roy's generally treating Ms. Showalter adversely compared with male counterparts.

10. The gender discriminatory nature of the hostile environment that Mr. Roy subjected Ms. Showalter to is further indicated by his telling Ms. Showalter that she should not be so emotional and otherwise commenting on her behavior as a woman who acted like a "know it all," stating that if Ms. Showalter were a 50-year old man, her behavior would not be a concern.

11. In February of 2021, Ms. Showalter made a complaint to Human Resources about Mr. Roy's harassing and discriminatory conduct.

12. Within days of Ms. Showalter's complaint to HR, Mr. Roy retaliated against Ms. Showalter by, among other things, setting unattainable deadlines for Ms. Showalter and threatening her with disciplinary action and loss of her job.

13. On or about February 22, 2021, Ms. Showalter again contacted HR by email about Mr. Roy's conduct and indicated that her mental health had begun to suffer, and she asked for reasonable accommodation, including the request of a change of reporting structure for herself and her team by transfer from under Mr. Roy's supervision.

14. On February 23, 2021, Ms. Showalter emailed HR about Mr. Roy's retaliatory conduct.

15. On February 24, 2021, Ms. Showalter was advised that Defendant had concluded that Mr. Roy's conduct was not discriminatory or retaliatory.

16. Defendant failed to adequately address Ms. Showalter's complaints and failed to adequately investigate them.

17. On February 24, 2021, Defendant also denied Ms. Showalter's request for the reasonable accommodation of a transfer or change in reporting structure.

18. On February 25, 2021, Ms. Showalter went out on FMLA leave.

19. While Ms. Showalter was out on FMLA leave, Defendant falsely accused Ms. Showalter of violating Company policy regarding confidentiality in downloading documents and forwarding emails, and demanded return of her laptop and external drives.

20. Ms. Showalter had previously been advised by HR employee Jennifer Seymour to forward relevant emails to her personal email account and otherwise preserve documents relating to her discrimination and retaliation complaints.

21. Ms. Showalter complied with Defendant's request for return of the laptop and external drives, and Ms. Showalter also signed "Written Assurances" indicating, *inter alia*, that she had not shared any confidential documentation or material with any third party.

22. By letter dated March 15, 2021, Ms. Showalter's counsel had notified Defendant that Ms. Showalter would be filing a charge of discrimination with the

United States Equal Employment Opportunity Commission ("EEOC").

23. On April 07, 2021, Ms. Showalter filed a charge of gender and disability discrimination, and retaliation, with the EEOC, and her counsel emailed the charge to Defendant's counsel the same day. Ms. Showalter also subsequently filed an amended charge with the EEOC during the agency proceedings, and the EEOC issued a dismissal notice and right to sue to Ms. Showalter dated September 22, 2022.

24. On April 07, 2021, HR employee Lara Blackert emailed Ms. Showalter a letter backdated to April 06, 2021, and informed her that she was being terminated for alleged "ongoing concerns" related to her access to, and use of, confidential and proprietary information.

25. Ms. Showalter did not violate Company policy in the use of confidential or proprietary information, and Defendant's claims of "ongoing concerns" regarding the same are pretextual.

## COUNT I – Title VII

26. Plaintiff incorporates herein by reference paragraphs 1 through 25 above as if set forth herein in their entirety.

27. Defendant violated Title VII by creating a hostile environment for Ms. Showalter on account of her gender, and otherwise being motivated in its actions addressed above by Ms. Showalter's gender and/or her complaints of discrimination.

28. As a direct and proximate result of Defendant's violation of Title VII,

Plaintiff has suffered, and continues to suffer, a loss of earnings, loss of earning capacity, loss of benefits, pain and suffering, upset, emotional anguish, loss of life's pleasures, attorneys' fees and costs.

## COUNT II – ADA

29. Plaintiff incorporates herein by reference Paragraphs 1 through 25 above as if set forth herein in their entirety.

30. Ms. Showalter had a disability, a record of a disability, or was perceived to have a disability by Defendant within the meaning of the ADA by reason of her depression and stress-anxiety diagnoses, which substantially interfered with her major life activities, such as her ability to work.

31. Defendant violated the ADA by refusing to accommodate Ms. Showalter's disability and by terminating her employment because of her disability and/or in retaliation for her request for reasonable accommodation.

32. As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has suffered, and continues to suffer, a loss of earnings, loss of earning capacity, loss of benefits, pain and suffering, upset, emotional anguish, loss of life's pleasures, attorneys' fees and costs.

## COUNT III-FMLA

33. Plaintiff incorporates herein by reference Paragraphs 1 through 25 above as if set forth herein in their entirety.

34. Ms. Showalter qualified for, and was approved for, leave under the FMLA.

35. Defendant violated the FMLA by terminating Ms. Showalter while on FMLA leave and/or being motivated by Ms. Showalter's taking leave under the FMLA in terminating her employment.

36. As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has suffered, and continues to suffer, a loss of earnings, loss of earning capacity, loss of benefits, attorneys' fees and costs.

## COUNT IV – PHRA

37. Plaintiff incorporates herein by reference paragraphs 1 through 25, 27, 30-31 above as if set forth herein in their entirety.

38. Ms. Showalter's EEOC charge of gender and disability discrimination and retaliation was dual-filed with the Pennsylvania Human Relations Commission.

39. Defendant's actions, which violated Title VII and the ADA, also violated the PHRA.

40. As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has suffered, and continues to suffer, a loss of earnings, loss of earning

capacity, loss of benefits, pain and suffering, upset, emotional anguish, loss of life's pleasures, attorneys' fees and costs.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant:

(a) Declaring Defendant's actions to be in violation of Title VII, the ADA, the FMLA and/or the PHRA;

(b) Awarding Plaintiff reinstatement to an appropriate position with Defendant;

(c) Awarding compensatory damages to Plaintiff to make Plaintiff whole for all lost earnings, past and future, which Plaintiff has suffered as a result of Defendant's improper and discriminatory treatment, including, but not limited to, past and future wages, lost earning capacity, pension and other lost benefits;

(d) Awarding compensatory damages to Plaintiff for emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

(e) Awarding Plaintiff's costs of this action, together with reasonable attorney's fees;

(f) Awarding Plaintiff punitive damages, liquidated damages, and such other damages as are appropriate under the Title VII, the ADA, the FMLA and the

PHRA; and,

      (g)    Granting such other and further relief as the court deems appropriate.

                                      Respectfully submitted,

| | |
|---|---|
| /s/Solomon Z. Krevsky | /s/ Mark S. Scheffer |
| Solomon Z. Krevsky, Esquire | Mark S. Scheffer, Esquire |
| Identification PA #72719 | Identification PA #59271 |
| KREVSKY BOWSER, LLC | LAW OFFICES OF MARK S. SCHEFFER |
| 20 Erford Road \| Suite 300A | P.O. Box 111 |
| Lemoyne, PA 17043 | Birchrunville, PA 19421 |
| 717.731.8600 | (610) 915-8351 |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |